IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JASON PUMPHREY, 1370772,<br>Petitioner, | )<br>)<br>) |
| v. | )   No. 3:13-CV-4057-M<br>) |
| LORIE DAVIS, Director, Texas<br>Dept. Of Criminal Justice, Correctional<br>Institutions Division,<br>Respondent. | )<br>)<br>)<br>)<br>) |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), implemented by an Order of the Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

I.

Petitioner filed a motion for relief from judgment under Fed. R. Civ. P. 60(b)(6). For the foregoing reasons, the Court finds the motion should be construed as a successive petition under 28 U.S.C. § 2254 and transferred to the Fifth Circuit Court of Appeals.

A jury convicted Petitioner of capital murder of a child under six years of age. Because the state did not seek the death penalty, punishment was assessed at a mandatory life sentence. Petitioner challenged his conviction and sentence on direct appeal and state collateral review. The state court of appeals affirmed. *Pumphrey v. State*, No. 05-06-00726-CR, 2007 WL 20521959 (Tex. App. – Dallas, Jul. 19, 2007, pet. ref'd). The Texas Court of Criminal Appeals denied post-conviction relief on the findings of the trial court. *Ex parte Pumphrey*, No. 75,290-01.

On March 16, 2011, Petitioner filed his first § 2254 petition. *Pumphrey v. Thaler*, No. 3:11-CV-624-N. On May 21, 2012, the district court denied the petition on the merits. On November 30, 2012, the Fifth Circuit Court of Appeals denied a certificate of appealability. On May 13, 2013, the Supreme Court denied the petition for writ certiorari.

On October 2, 2013, Petitioner filed his second § 2254 petition. He argued he received ineffective assistance of trial and appellate counsel. On November 19, 2013, the district court transferred the petition to the Fifth Circuit as successive. On February 21, 2014, the Fifth Circuit denied Petitioner leave to file the successive petition. *In re Pumphrey*, No. 13-11247 (5th Cir. Feb. 21, 2014).

On May 23, 2017, Petitioner filed the instant Rule 60(b) motion. He argues the victim was prematurely removed from life support, medical personnel should have used Electrical Impulse Technology to revive the victim, the evidence was insufficient to convict him, and he received ineffective assistance of counsel.

II.

Although Petitioner filed this petition as a motion for relief from judgment under Fed. R. Civ. P. 60(b), his motion is properly construed as a second or successive petition under 28 U.S.C. § 2244(b). Petitioner's motion attempts to assert claims attacking his state court judgment. A Rule 60(b) motion which raises claims for relief rather than challenges to defects in the federal habeas corpus proceeding, is treated as a successive habeas corpus petition subject to 28 U.S.C. § 2244(b). *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005).

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief.

ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another petition for habeas relief under § 2254 is filed.

III.

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the Rule 60(b) motion be CONSTRUED as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and that the petition be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed this 16 day of June, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).